COURT
OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                     FORT
WORTH

 

 

                                           NO.
2-05-111-CR

 

 

FRANCIS WILLIAM STRINGER                                               APPELLANT

 

                                                      V.

 

THE STATE OF TEXAS                                                                 STATE

 

                                                  ------------

 

         FROM CRIMINAL
DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                                  ------------

 

                                     OPINION ON REMAND

 

                                                  ------------

I.  INTRODUCTION








The primary issue we address in this appeal is
whether Appellant Francis William Stringer forfeited his Confrontation Clause
objection to the AAdult Felony History@ portion
of his presentence investigation report (PSI). 
Because Stringer placed his criminal history at issue and accepted the
benefits of the order requiring a PSI, Stringer has forfeited or is estopped
from asserting a Confrontation Clause objection to the Adult Felony History
portion of his PSI.  We affirm the trial
court=s
judgment.

                            II.  FACTUAL AND PROCEDURAL BACKGROUND

Stringer pleaded guilty to a felony and filed an
application for probation.  At a January
27, 2005 plea hearing, the trial court accepted Stringer=s guilty
plea and ordered the preparation of a PSI. 
No record of the plea hearing exists. 
Stringer=s punishment hearing was
convened on March 30, 2005, after the trial court received the PSI.  At the punishment hearing, Stringer=s
counsel specifically objected that the four paragraphs of the PSI titled, AAdult
Felony History,@ violated Stringer=s
Confrontation Clause Rights.[1]  The trial court overruled Stringer=s
objection.  The State did not present any
evidence, and Stringer did not present any evidence.

Based on the information contained in the PSI,
Stringer argued that the trial court should grant him probation.  Specifically, Stringer argued:








First, as the clerk=s record reflects, Mr.
Stringer is eligible for probation.  He=s sworn before the Court
that he=s never been convicted of
a felony.

 

. . . .

 

I would point out that in
the presentence investigation, at one time several years ago he completed a
year probation for misdemeanor theft.  He
has shown that he can accomplish things that are positive.  His education history, he=s got two degrees, plus
30 hours towards a Master=s degree. . . .  His employment history shows there that he=s had - - at least the
five jobs shown there, he=s always been a computer
programmer . . . .

 

At the conclusion of the hearing, the trial court sentenced Stringer
to nine years= confinement.








In a single point, Stringer complained that the
trial court erred during the punishment phase by overruling his Confrontation
Clause objection to the Adult Felony History section of his PSI.  On original submission, following precedent
from our court, we agreed with the State that Stringer had waived his objection
to the PSI by signing a specific written admonishment.[2]  See Stringer v. State, 196 S.W.3d 249,
251B52 (Tex.
App.CFort
Worth 2006) (citing Rosalez v. State, 190 S.W.3d 770, 773 (Tex. App.CFort
Worth 2006, no pet.)), rev=d, 241
S.W.3d 52 (Tex. Crim. App. 2007); see also Hamlin v. State, Nos.
02-04-00240-CR, 02-04-00241-CR, 02-04-00242-CR, 2005 WL 3436523, at *1 (Tex.
App.CFort
Worth Dec. 15, 2005, no pet.) (mem. op., not designated for publication)
(holding appellant waived his right to object to a PSI by signing admonishment
like the one here).  The court of
criminal appeals held that the written waiver applied only to guilt-innocence,
not to punishment, reversed our judgment, and remanded the case to us to first
consider the other waiver grounds asserted by the State.  Stringer v. State, 241 S.W.3d 52, 59
(Tex. Crim. App. 2007).  We do so now.

III.  FORFEITURE
OF CONFRONTATION CLAUSE OBJECTION
TO CRIMINAL HISTORY IN PSI

            A.  Waiver, Invited Error, and Acceptance of
Benefits Doctrine

The doctrine of invited error is properly thought
of, not as a species of waiver, but as estoppel.  Prystash v. State, 3 S.W.3d 522, 531
(Tex. Crim. App. 1999), cert. denied, 529 U.S. 1102 (2000).  Waiver might usefully be distinguished from
what is sometimes called Ainvited error.@  Id. 
As the court in Prystash stated,








If a party affirmatively seeks action by the
trial court, that party cannot later contend that the action was error.  This is not really a waiver of error
previously committed.  Rather, it is part
of the definition of what can constitute error, and quite reasonably defines
error of which a party may complain as excluding those actions of the trial
court actually sought by the party in that tribunal.  

Id. (quoting George E. Dix & Robert O. Dawson,
43 Texas PracticeBCriminal
Practice and Procedure ' 42.141
(Supp. 1999) (footnote omitted)).[3]  Another variant of estoppel is Aestoppel
by judgment.@ 
That concept applies to estop A[o]ne
who accepts the benefits of a judgment, decree, or judicial order@ from
denying Athe
validity or propriety thereof, or of any part thereof, on any grounds; nor can
he reject its burdensome consequences.@  Rhodes v. State, 240 S.W.3d 882, 891
(Tex. Crim. App. 2007).

                                      B.  Statutory PSI Scheme








The statutory PSI scheme provides that A[e]xcept
as provided by Subsection (g) of this section, before the imposition of
sentence by a judge in a felony case, . . . the judge shall direct a
supervision officer to report to the judge in writing.@  Tex. Code Crim. Proc. Ann. art. 42.12, ' 9(a)
(Vernon Supp. 2008) (emphasis added). 
The statute also provides that the PSI is to include the Acircumstances
of the offense with which the defendant is charged, the amount of restitution
necessary to adequately compensate a victim of the offense, [and] the
criminal and social history of the defendant.@  Id. (emphasis added).  Thus, when a defendant files an application
for probation and requests the trial court to assess punishment in a felony
case, a trial court Ashall@ direct
the preparation of a PSI.  Id.; Griffith
v. State, 166 S.W.3d 261, 263 (Tex. Crim. App. 2005); Whitelaw v. State,
29 S.W.3d 129, 131B32 n.13 (Tex. Crim. App.
2000).  And the PSI shall report Ain
writing on . . . the criminal . . . history of the defendant.@  Tex. Code Crim. Proc. Ann. art. 42.12, '
9(a).  Nonetheless, a defendant may waive
a PSI.  See Griffith, 166 S.W.3d
at 263 (dealing with an express waiver of PSI); Summers v. State, 942
S.W.2d 695, 696B97 (Tex. App.CHouston
[14th Dist.] 1997, no pet.) (dealing with an implied waiver via the defendant=s
failure to object to the absence of a PSI).








The PSI was originally intended only to
facilitate a trial court=s decision on the issue of
probation.  See Smith v. State,
227 S.W.3d 753, 761 (Tex. Crim. App. 2007). 
The court of criminal appeals has repeatedly held that a trial court
should use the PSI to determine whether the person convicted is entitled to
probation.  See id. at 761 n.21
(citing McNeese v. State, 468 S.W.2d 800, 801 (Tex. Crim. App. 1971)
(trial court should Ause the probation officer=s report
and take into consideration all of the pertinent information to more intelligently
determine if the person convicted is entitled to probation@); Valdez
v. State, 491 S.W.2d 415, 417 (Tex. Crim. App. 1973) (same); Clay v.
State, 518 S.W.2d 550, 555 (Tex. Crim. App. 1975) (same)); see also Anderson
v. State, 896 S.W.2d 578, 580 (Tex. App.CFort
Worth 1995, pet. ref=d) (recognizing that A[o]nce
the door is opened regarding suitability for probation, the State may inquire
into any bad acts relevant to deciding appellant=s
suitability).  Because the PSI was
originally to be used in this contextCfor a
probation determinationCthe court of criminal appeals
was not concerned that the PSI Amight
contain what would be, at a formal punishment hearing, patently objectionable
as rank hearsay or evidence of an unadjudicated extraneous offense (such as a
pending indictment or an arrest record).@  Smith, 227 S.W.3d at 761.








Subsequently, the legislature amended article
37.07, section 3(d) of the code of criminal procedure to permit the trial court
to order and to consider a PSI in determining the punishment to be
assessed.  See Tex. Code Crim.
Proc. Ann. art. 37.07, ' 3(d) (Vernon Supp. 2008); Smith,
227 S.W.3d at 761B62 (citing Ellison v. State,
201 S.W.3d 714, 722 (Tex. Crim. App. 2006)). 
This statutory authorization of use of a PSI to assess punishment
conceptually brought PSIs out of the unique
for-use-in-a-determination-of-probation-only category of quasi-evidence that
they had arguably previously occupied to within the realm of general
punishment-phase evidence.  See Smith,
227 S.W.3d at 761B63.  Defendants consequently began asserting
general evidentiary objections to PSIs; but courts, recognizing the discreet
statutory scheme and purpose of PSIs, rejected all of these objections.  See, e.g., id. at 763 (holding that a
trial court, as a sentencing entity, may consider extraneous misconduct set
forth in PSI over defendant=s
objection that Athe extraneous misconduct has
not been shown to have been committed by the defendant beyond a reasonable
doubt@ as
required by the code of criminal procedure); Fryer v. State, 68 S.W.3d
628, 630B32 (Tex.
Crim. App. 2002) (holding that trial court, as sentencing entity, may consider
portion of PSI containing victim impact statement over defendant=s
objection that code of criminal procedure authorizes consideration of victim
impact statement only after punishment has been assessed); Brooks v. State,
76 S.W.3d 426, 435 (Tex. App.CHouston
[14th Dist.] 2002, no pet.) (holding that trial court, as sentencing entity,
may consider extraneous misconduct set forth in PSI over defendant=s
objection that State did not give him timely notice of its intent to introduce
such misconduct as required by the code of criminal procedure).

That brings us to the objection asserted here:
that the Adult Felony History of Stringer=s PSI
violated his Confrontation Clause rights.

                    C.  All Negative Statements in PSI are ATestimonial@

Crawford v. Washington, while
declining to explicitly define Atestimonial,@
explained that








[the Confrontation Clause] applies to Awitnesses@ against
the accusedCin other words, those who Abear
testimony.@ ATestimony,@ in
turn, is typically A[a] solemn declaration or
affirmation made for the purpose of establishing or proving some fact.@  An accuser who makes a formal statement to
government officers bears testimony . . . .








541 U.S. 36, 51, 124 S. Ct. 1354, 1364 (2004) (citations
omitted).  Cases after Crawford
have further developed the law concerning the types of out-of-court statements
that are testimonial.  See, e.g.,
Davis v. Washington, 547 U.S. 813, 821B24, 126
S. Ct. 2266, 2273B74 (2006) (distinguishing street‑corner
Anontestimonial@
statements to law enforcement officers from litigation‑oriented Atestimonial@
statements and recognizing that police interrogation statements relating to
past events relevant to a criminal prosecution are Atestimonial
statements@ for purposes of the
Confrontation Clause, in part because of their adversarial nature and, in part,
because the reasonable declarant would recognize that the statements could be
used in a future criminal prosecution); Wall v. State, 184 S.W.3d 730,
742B43 (Tex.
Crim. App. 2006) (explaining that Awhether
a statement is testimonial under Crawford is determined by the standard
of an objectively reasonable declarant standing in the shoes of the actual
declarant@); Brooks v. State, 132
S.W.3d 702, 707 (Tex. App.CDallas
2004, pet. ref=d) (holding that when the police
are engaged in the competitive enterprise of detecting crime, investigating
crime, and gathering evidence for criminal prosecution, statements gathered
during their interrogations are testimonial Aas a
matter of law@); United States v. Cromer,
389 F.3d 662, 675 (6th Cir. 2004) (stating that the decisive inquiry under a
Confrontation Clause objection to hearsay is Awhether
a reasonable person in the declarant=s
position would anticipate his statement being used against the accused in
investigating and prosecuting the crime@).

Virtually all statements in a PSI that reflect
negatively on the defendant will constitute Atestimonial@
statements for Confrontation Clause purposes. 
They are gathered by a state employee, a supervision officer.  Tex. Code Crim. Proc. Ann. art. 42.12, '
9(a).  They are for the express purpose
of use in a probation or sentencing determination concerning the
defendant.  Id. art. 37.07, '
3(d).  They are not street-corner Anontestimonial@
statements but instead are statements that a reasonable declarant would
recognize, or would have been expressly told, were for use in a probation or sentencing
decision concerning the defendant.  See,
e.g., Davis, 547 U.S. at 821B24, 126
S. Ct. at 2273B74.  Conversely, statements in the PSI that the
defendant deems positive to him would be nontestimonial because the statement
would not be Aagainst@ the
defendant.  See Crawford,  541 U.S. at 51, 124 S. Ct. at 1364
(recognizing that [the Confrontation Clause] applies to witnesses against the
accused).








The State in the present case concedes that the
statements and information set forth in the Adult Felony History portion of
Stringer=s PSI
are Atestimonial@ for
purposes of a Confrontation Clause analysis.

                                  D.  Application of Law to Facts








We note at the outset that neither party offered
Stringer=s PSI
into evidence.  The code of criminal
procedure does not require that the PSI be introduced into evidence.  See George E. Dix & Robert O.
Dawson, 43 Texas PracticeBCriminal
Practice and Procedure '
38.172.  It simply provides that a trial
court may Ainspect a report@ or may Aconsider@ a
report.  See Tex. Code Crim. Proc.
Ann. arts. 42.12, ' 9(c) (inspect), 37.07, ' 3(d)
(consider).  Thus, technically no Aevidence@ or Atestimony@ was
offered into evidence to which Stringer could have lodged a Confrontation
Clause objection.  Indeed, as set forth
above, Stringer=s exact objection was to the
Adult Felony History Abeing considered,@ not to
the admission into evidence of the PSI or any portion of the PSI.  The Sixth Amendment and the rule enunciated
in Crawford apply only to attempts to admit testimony and evidence.  See U.S. Const. amend. VI (providing
that A[i]n all
criminal prosecutions, the accused shall enjoy the right . . . to be confronted
with the witnesses against him@);  Crawford, 541 U.S. at 51, 124 S. Ct. at
1364 (addressing admissibility of wife=s
out-of-court, tape-recorded statement to police).  We question how a defendant=s
Confrontation Clause rights may be violated by statements in a document that is
not admitted into evidence.

Nonetheless, the record before us establishes
that the trial court did in fact consider the PSI.  Nothing else exists in the record that could
have been considered in the trial court=s
probation and sentencing decision.  And
Stringer urged the trial court to consider the PSI, except for the Adult Felony
History portion.  The failure of any
party to actually offer the PSI into evidence is not fatal.  See Smith, 227 S.W.3d at 757
(addressing objection to PSI although it was never offered into evidence); Amador
v. State, 221 S.W.3d 666, 673B74 (Tex.
Crim. App. 2007).  The fact that the PSI
was not offered or admitted into evidence, and by statute was not required to
be offered or admitted into evidence, is however demonstrative of the
difficulties in superimposing Confrontation Clause objections on information
required to be in a PSI.








To prohibit a judge from considering any portions
of a PSI to which a defendant asserts a Confrontation Clause objection would
obliterate the statutory PSI purposes and procedure.  The statutory provisions require a judge=s
consideration of a defendant=s entire
Acriminal
and social history@Ci.e.,
the good and the bad aspects of the defendant=s
criminal and social history.  See Tex.
Code Crim. Proc. Ann. art. 42.12, '
9(a).  But Confrontation Clause
objections to negative criminal and social history statements and information
in a PSI would limit a judge to considering only the positive statements on
these matters that are in a PSI.  Thus,
the fundamental and original purpose of a PSICto
provide a judge contemplating probation for a defendant with accurate
information on factors relevant to a grant of probationCwould be
fatally undermined.  See, e.g., Walker
v. State, 493 S.W.2d 239, 240 (Tex. Crim. App. 1973) (explaining that A[i]t
makes a great deal of sense that the judge should have before him a thorough
report of the accused=s past record and background,
when considering his motion for probation. 
The very purpose of granting probation is to release a convicted
defendant who shows himself capable of adhering to certain conditions@).  Otherwise, a judge would be left with only
un-Confrontation-Clause-objected-to information that was favorable to the
defendant in making the important decision of whether to grant probation.








In other circumstances where the PSI statutory
scheme has conflicted with the rules of evidence or with other statutory
provisionsCalthough not a constitutional
right, as hereCcourts have implicitly
recognized the unique status of PSIs.  See,
e.g., Smith, 227 S.W.3d at 761B63
(stating that extraneous offense in PSI need not be proved beyond a reasonable
doubt); Fryer, 68 S.W.3d at 630B32
(reiterating that rules of evidence do not apply to contents of PSI and holding
that victim impact statement may be contained in PSI and considered before
sentencing); Brooks, 76 S.W.3d at 435 (stating that notice of extraneous
offense need not be given for information only in PSI).  Thus, we come to the question before us:  whether a defendant who pleads guilty to a
felony, files a sworn application for probation and thereby triggers the statutory
necessity for a PSI, acquiesces in a recess for preparation of a PSI, and urges
a trial court to consider the PSI and to grant probation has forfeited any
Confrontation Clause objections to a required portion of the PSICthe
defendant=s criminal history.[4]  In its second waiver argument, the State
makes this argument.  The State points
out that a defendant=s ability to assert
Confrontation Clause objections to particular portions of a PSI Awill
allow defendants to manipulate the sentencing system. . . . A defendant should
not be able to pick and choose on confrontation grounds@ which
items in the PSI are considered by the trial court.  According to the State, the defendant may
either object to the entire report or may not object at all.








The State analogizes Stringer=s
Confrontation Clause objection to the Adult Criminal History portion of his PSI
to a defendant who takes the stand and testifies at punishment but seeks to
avoid cross-examination in whole or part. 
The State quotes Mitchell v. United States:

The justifications for the rule of waiver in the
testimonial context are evident:  A
witness may not pick and choose what aspects of a particular subject to discuss
without casting doubt on the trustworthiness of the statements and diminishing
the integrity of the factual inquiry.  As
noted in Rogers, a contrary rule Awould
open the way to distortion of facts by permitting a witness to select any
stopping place in the testimony.@  It would, as we said in Brown, Amake of
the Fifth Amendment not only a humane safeguard against judicially coerced
self-disclosure but a positive invitation to mutilate the truth a party offers
to tell.@  The illogic of allowing a witness to offer
only self-selected testimony should be obvious even to the witness, so there is
no unfairness in allowing cross-examination when testimony is given without
invoking the privilege.

526 U.S. 314, 322, 119 S. Ct. 1307, 1312 (1999) (citations omitted).








The State also points out that the statutory PSI
scheme provides a remedy if the defendant believes that the PSI contains
factual inaccuracies.  See Tex.
Code Crim. Proc. Ann. art. 42.12, '
9(e).  The remedy is that a defendant,
with the approval of the judge, may introduce testimony or other information
alleging a factual inaccuracy in the investigation or in the PSI.  Id.  And, likewise, because the statute requires
that a defendant receive a copy of the PSI no later than forty-eight hours
before sentencing, a defendant has ample time to file a motion for continuance
of the punishment hearing for the purpose of issuing subpoenas for those
persons named in the PSI whom he wishes to cross-examine.  See id. art. 42.12, '
9(d).  Thus, the State argues that the
statutory scheme itself provides a remedy for defendants like Stringer.

The facts of this case do not fall squarely
within the four corners of any of the waiver cases, the invited error cases, or
the acceptance of benefits cases.  But,
the circumstances here seem analogous to aspects of each of these three
categories of cases.  Stringer pleaded
guilty to a felony, filed an application for probation swearing that he had
never before been convicted of a felony in Texas, and thereby triggered the
trial court=s mandatory statutory duty to
order a PSI.  Id. art. 42.12, ' 9(a); Griffith,
166 S.W.3d at 263.  The duty to direct
the preparation of a PSI under these circumstances is mandatory, subject to
certain exceptions.  See Tex. Code
Crim. Proc. Ann. art. 42.12, 








' 9(a)
(providing that A[e]xcept as provided by
Subsection (g) . . . . before the imposition of sentence by a judge in a felony
case, . . . the judge shall direct a supervision officer to report to
the judge@) (emphasis added); cf. id.
art. 37.07, ' 3(d) (providing that A[w]hen
the judge assesses the punishment, he may order an investigative report@)
(emphasis added).  The trial court, in
compliance with the law, ordered a PSI; Stringer at least acquiesced in the
recess of his punishment hearing for purposes of preparation of the PSI.  Also, the record contains an order for
psychological testing away from jail mandating a psychosexual evaluation on
Stringer as part of the PSI.  When
Stringer=s
punishment hearing convened, Stringer objected to the Adult Felony History of
the PSI on Confrontation Clause grounds and relied upon the remaining portions
of the PSI to urge the trial court to grant probation.  Stringer forfeited or is estopped from
asserting his Confrontation Clause objection to the Adult Criminal History
portion of the PSI for three main reasons.








First, Stringer waived his right to assert a
Confrontation Clause objection to the Adult Criminal History portion of his PSI
by filing an application for probation swearing that he had never been
convicted of a felony in Texas and by relying upon the positive information in
the PSI to urge the trial court to grant probation.  The language of the PSI statute requires the
supervision officer to report to the judge on the criminal history of the
defendant.  See id. art. 42.12, '
9(a).  By implication, the trial court is
to consider the criminal history of a defendant in making a probation
decision.  See, e.g., Smith,
227 S.W.3d at 761 n.21.  By swearing that
he had never been convicted of a felony in Texas, Stringer put his criminal
history at issue.  See Anderson,
896 S.W.2d at 580.  By relying upon the
positive portions of the PSI to urge the trial court to grant probation,
Stringer in effect elicited testimony of specific good conduct in an attempt to
show that he was suitable for probation. 
See id.  A defendant should
not be able to seek probation, place his criminal history at issue via a sworn
pleading, rely on positive statements in the PSI and urge the trial court to
grant probation based on such information, yet nullify the statutory
requirement that the PSI include and that the trial court consider his criminal
history by asserting a Confrontation Clause objection.  Accord Mitchell, 526 U.S. at 322B23, 119
S. Ct. at 1312 (recognizing defendant waives Fifth Amendment privilege at
punishment as to the matters he himself has put in dispute by testifying).  Otherwise, the result would be that a judge
is prevented from considering the very information in the PSI that the statute
implies the judge should consider in making a probation decision.








As the Supreme Court explained in Mitchell,
A[t]he
justifications for the rule of waiver in the testimonial context are
evident:  A witness may not pick and
choose what aspects of a particular subject to discuss without casting doubt on
the trustworthiness of the statements and diminishing the integrity of the
factual inquiry.@ 
Id. at 322, 119 S. Ct. at 1312. 
Although Mitchell dealt with the waiver of a Fifth Amendment
right against self-incrimination instead of a Sixth Amendment right of
confrontation and the Mitchell court dealt with a defendant=s
testimony instead of with a supervision officer=s Atestimony@ set
forth in a written report, the same analysis applies.  A defendant may not use portions of a witness=s
testimony as a swordChere the supervision officer=s
presentence reportCbut then use a constitutional
right as a shield to eliminate portions of the same witness=s
testimony that are unfavorable to the defendant.  For these reasons, by filing an application
for probation swearing that he had never been convicted of a felony and by
urging the trial court to grant probation based on the positive portions of the
PSI, Stringer waived, or is estopped from asserting, a Confrontation Clause
objection to the Adult Criminal History portion of his PSI. 








Second, the facts reflect that Stringer accepted
the benefits of the trial court=s order
requiring preparation of a PSI.  A PSI
was prepared, and Stringer was not required to himself develop the evidence he
would need for a full, adversarial punishment hearing.  This was a distinct benefit to him.  He did not need to subpoena witnesses or to
gather evidence.  Instead, he relied upon
the positive hearsay information in the PSI to urge the trial court to grant
probation.  He specifically relied upon
the result of the PSI=s ordered psychosexual testing,
arguing that Ahe show[ed] potentially positive
responses to the treatment in some respects.@  Stringer=s
acceptance of the benefits of the trial court=s order
requiring a PSI and of the PSI itself makes these circumstances akin to the
cases holding that A[o]ne who accepts the benefits
of a  . . . judicial order@ may not
deny Athe validity
or propriety thereof, or of any part thereof, on any grounds;  nor can he reject its burdensome
consequences.@ 
See Rhodes, 240 S.W.3d at 891. 
By accepting the benefits of the order requiring a PSI, the order requiring
psychosexual testing as part of the PSI, and the results of the PSI, Stringer
is estopped from asserting his Confrontation Clause objections to the Adult
Criminal History portion of the PSI.

And finally, Stringer did not indicate that he
believed the PSI contained factual inaccuracies and did not move for a
continuance.  See Tex. Code Crim.
Proc. Ann. art. 42.12, ' 9(d), (e).  Stringer was entitled to comment on the PSI
and to introduce, with the approval of the judge, testimony or other
information alleging a factual inaccuracy in the PSI.  See id., art. 42.12, '
9(e).  By accepting the benefits of the
order requiring a PSI and the order requiring psychosexual testing as part of
the PSI, Stringer=s remedies concerning the
information in the PSI were statutorily limited to utilizing the statutory
procedure available to comment on the PSI or to correct a factual inaccuracy in
the PSI.  Stringer is estopped from
asserting a Confrontation Clause objection to the Adult Criminal History
portion of the PSI.








Our holding is limited to cases in which a
defendant pleads guilty to a felony, files an application for probation, and
asserts a Confrontation Clause objection to a statutorily required portion of
the PSI.  We need not address whether the
same analysis would apply to a Confrontation Clause objection made to a PSI
ordered under article 37.07, section 3(d). 
See Tex. Code Crim. Proc. Ann. art. 37.07, '
3(d).  We need not address whether the
same analysis would apply to a Confrontation Clause objection made to a
nonstatutorily required portion of the PSI. 
We need not address whether the same analysis would apply to a
Confrontation Clause objection to the entire PSI.  We need not address whether the Confrontation
Clause applies at the punishment phase of trial.[5]  And finally, we need not addressCas the
dissent impliesCthe constitutionality of the PSI
statute; no constitutional challenge to the statute was raised in the trial
court or on appeal.  We simply hold,
based on the facts before us and for the reasons set forth above, that Stringer
forfeited his Confrontation Clause objection to the Adult Criminal History
portion of his PSI.  We overrule Stringer=s sole
issue.








                                             IV.  CONCLUSION

Having overruled Stringer=s sole
issue, we affirm the trial court=s
judgment.

 

SUE
WALKER

JUSTICE

 

PANEL:  DAUPHINOT, HOLMAN, and
WALKER, JJ.

DAUPHINOT, J. filed a dissenting opinion.

PUBLISH

DELIVERED: October 23, 2008











 
 
 
 
 
 
 




 

 

 

 

 

 

                                        COURT OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                      FORT
WORTH

 

 

                                           NO.
2-05-111-CR

 

 

FRANCIS
WILLIAM STRINGER                                               APPELLANT

 

                                                      V.

 

THE
STATE OF TEXAS                                                                 STATE

 

                                                  ------------

 

         FROM CRIMINAL DISTRICT
COURT NO. 3 OF TARRANT COUNTY

 

                                                  ------------

 

                          DISSENTING OPINION ON
REMAND
 

 

                                                  ------------

 








The majority opinion correctly points out that
the presentence investigation report (PSI) statute is in direct conflict with
the Constitution of the United States.[6]  By statute, a PSI is an ex parte
communication providing hearsay evidence to the trial court, denying a
defendant the right to confront witnesses against him in open court.[7]  As the majority provides, requiring the trial
court to comply with the Confrontation Clause before considering the PSI would Aobliterate
the statutory PSI purposes and procedure.@[8]

The PSI statute not only violates the
Confrontation Clause; its ex parte nature undermines our system of public
trials.  Nothing in our law prevents the
State=s
offering a PSI into evidence through a sponsoring witness.  Nothing prevents the State=s
offering a defendant=s criminal history through a
sponsoring witness.  A jury assessing punishment
does not require a PSI.  A jury hears
witnesses and examines evidence in open court to determine the appropriate
sentence.








In a jury trial, a jury must be instructed that
they may not consider extraneous offenses or acts of misconduct unless they
believe beyond a reasonable doubt that the defendant committed those acts and
offenses.[9]  The State, then, bears a burden of proof
beyond a reasonable doubt when it seeks to prove extraneous offenses at the
punishment phase of a jury trial.[10]  The State is not relieved of its burden of
proof merely because the trial judge assesses punishment.

Additionally, the protections of the
Confrontation Clause apply to the punishment phase of trial.[11]  In addressing reports admitted at the
punishment phase, the Texas Court of Criminal Appeals held in Russeau v.
State,

The Sixth Amendment=s
Confrontation Clause provides that, A[i]n all
criminal prosecutions, the accused shall enjoy the
right . . . to be confronted with the witnesses against
him.@  This procedural guarantee is applicable in
both federal and state prosecutions and bars the admission of testimonial
statements of a witness who does not appear at trial unless he is unavailable
to testify and the defendant had a prior opportunity to cross‑examine
him.  Generally speaking, a statement is Atestimonial@ if it
is a solemn declaration made for the purpose of establishing some fact.

The reports in question contained testimonial statements which were
inadmissible under the Confrontation Clause, because the State did not show
that the declarants were unavailable to testify and appellant never had an
opportunity to cross‑examine any of them. 
Indeed, the statements in the reports amounted to unsworn, ex parte affidavits
of government employees and were the very type of evidence the Clause was
intended to prohibit.  The trial court
erred in admitting those portions of the reports that contained the testimonial
statements.[12]

 








Similarly, in the case now before this court, the
statements in the PSI were clearly testimonial. 
The State did not show that the declarants were unavailable to testify,
and Appellant never had an opportunity to cross‑examine any of them.  Appellant preserved his confrontation
objection in the trial court. The portion of the PSI accusing Appellant of
extraneous acts of misconduct was properly objected to, and the trial court
should have sustained Appellant=s
objections.

The majority suggests that Appellant could have
subpoenaed the witnesses with personal knowledge of the hearsay contained in
the PSI in order to invoke his confrontation rights.[13]  In the context of article 38.071 of the code
of criminal procedure, which governs the admission of out of court statements
of a child complainant in certain circumstances,[14]
the Texas Court of Criminal Appeals has discussed this approach much more
eloquently than I can:








Due process does not lend itself to simple, concise definitions.  In its most basic sense due process is the
impediment that is constitutionally imposed on governmental conduct that
offends our fundamental rights.  Relative
to the protection of one=s liberty:  A[t]he essential guarantee of the due process
clauses is that the government may not imprison or otherwise physically
restrain a person except in accordance with fair procedures.@  In other words, due process is in itself
essentially the same as fairness.  Or, at
the very least, due process is the vehicle used to arrive at fairness thereby
protecting our fundamental rights. 
Accordingly, Aa fair trial in a fair
tribunal is a basic requirement of due process.@  If legislation alters the essential fairness
of a trial then a due process violation is necessarily implicated.  In Estelle v. Williams, it was
specifically stated that A[t]he right to a fair
trial is a fundamental liberty secured by the Fourteenth Amendment.@ . . .

 

. . . .

 

The opinion continues with guidelines for determining whether a
particular procedure diminishes fairness and is thus violative of due
process.  The court commented:

 

But this Court has left no doubt that the probability of deleterious
effects on fundamental rights calls for close scrutiny . . . .  Courts must do the best they can to evaluate
the likely effects of a particular procedure, based on reason, principle, and
common human experience. 

 

Consequently, in a criminal prosecution, when viewing legislatively
authorized procedures that could be detrimental to one=s fundamental rights,
i.e., Aa fair trial in a fair
tribunal . . . ,@ the legislation must be closely
scrutinized.  Such an examination must be
Abased on reason,
principle, and common human experience.@ 

 








Scrutinizing Art. 38.071, ' 2, and applying the predicates of
consideration as suggested in Estelle v. Williams, it is evident that on
its face Art. 38.071, ' 2 imposes upon the
defendant a constitutionally unacceptable burden.  The courts of this state and country have
never had to confront and review a trial procedure that requires the defendant
to call as a witness his accuser if he wants to question the witness.  Doing so places the defendant in the
proverbial Catch‑22:  call the
complainant and be able to question the witness;  or alternatively, decline to do so and
thereby waive the opportunity to cross‑examine the witness.  Either way the defendant is placed at a
distinct and undue disadvantage. 
Conversely, the prosecution is placed in the unique and substantially
advantageous position of being able to in essence present its evidence, then
wait for the defendant to call the complainant, thereby allowing the State to
repeat the videotaped statement.  Or, by
not calling the witness fail to controvert the videotape statement.  . . . 

 

 A[R]eason, principle, and
common human experience@  dictate that a jury will respond negatively
to a defendant compelling a child witness to testify after they have already
seen the videotape of the child=s allegations. 
The possible, if not probable, reaction of the jury to a trial incident
of this nature would be unduly prejudicial to the defendant.  Prejudice, to this extent, will create a risk
that the entire proceedings were fundamentally unfair.  A risk of this nature does not comport with the
concept of due process.

 

In Lee v. Illinois, the Supreme Court was concerned with both
due process and confrontation violations by an infringement upon the right of
confrontation when a non‑testifying co‑defendant=s confession was admitted
into evidence and considered as substantive evidence of the defendant=s guilt.  Noting initially the historical unanimity of
the court in its commitment to the defendant=s right of confrontation and cross‑examination,
the Court recognized the overlapping due process issue when it observed that
the right of confrontation and cross‑examination A >is an essential and
fundamental requirement for the kind of fair trial which is this country=s constitutional goal.= A 

 

The Court continues and
pertinently states:

 

On one level, the right to confront and cross‑examine adverse
witnesses contributes to the establishment of a system of criminal justice in
which the perception as well as the reality of fairness prevails.  To foster such a system, the Constitution
provides certain safeguards to promote to the greatest possible degree society=s interest in having the
accused and the accuser engage in an open and even contest in a public trial. 

 








Under Art. 38.071 ' 2, the essential state=s witness, the
complainant, will be what due process and the confrontation clause endeavor to
prevent:  Aunseen@ and Aunchallengeable@ witnesses.  Unless, of course the defendant takes the
step of calling to testify the essential prosecution witnesses [].  Nowhere and at no time in Anglo‑American
jurisprudence has an accused ever been required to call as a witness the
accuser in order to enjoy the fundamental right of cross‑examination.  That is, until Art. 38.071 ' 2.  It is an illogical as well as
unconstitutional scheme to place a defendant, who, again must be presumed
innocent  in the untenable position of
either requiring the child to testify and thereby run the very real risk of
incurring the wrath of the jury or forgo the right to invoke A>the greatest legal engine
ever invented for the discovery of truth.=A[15]

 

Even though Long discusses the right of
confrontation at the guilt phase of trial, Rousseau makes clear that the
right of confrontation applies equally at punishment, and therefore Long=s
lessons also equally apply to the punishment phase of Appellant=s trial
for the offense of possessing child pornography.  The trial court as fact finder is, like a
jury, also capable of an emotional reaction.








The majority also finds waiver, forfeiture, or
estoppel.[16]  The majority has established a new rule: when
a defendant files an application for community supervision, he waives or
forfeits his right to assert a Confrontation Clause objection to the PSI or is
estopped from asserting it.  That is, a
defendant must trade his right to confrontation of witnesses against him for
his right to apply for community supervision. 
Nowhere in our jurisprudence is there any suggestion that a person
requesting community supervision must give up his constitutional right to a
fair trial.   This is the very issue
addressed in Carroll v.

 State.[17]  Carroll had filed an application for
community supervision.  The trial judge
said that he would be hard pressed to give her probation if she did not give up
her right to remain silent by testifying in the punishment phase of the bench
trial.  The Texas Court of Criminal
Appeals held that Carroll=s Aguilty
plea to the offense charged did not waive her right against self‑incrimination
as to sentencing.@[18]  The Texas Court of Criminal Appeals relied on
the U.S. Supreme Court=s holding in Mitchell v.
United States that the right against self-incrimination does not disappear
with an adjudication of guilt because A[w]here
the sentence has not yet been imposed a defendant may have a legitimate fear of
adverse consequences from further testimony.@[19]  Analogously, an appellant=s right
to confront witnesses against him does not disappear with an application for
community supervision because until sentence is imposed, he too may have a
legitimate fear of unfavorable information submitted for the fact finder=s
consideration.








The majority also found that Appellant waived or
forfeited his right of confrontation or was estopped from asserting it because
he accepted the benefits of the favorable portions of the PSI.[20]  A defendant is not required to abandon his
objections to inadmissible evidence because he does not object to the
admissible portions of the evidence. 
That is, a Confrontation Clause objection lies only when the evidence is
unfavorable, not when it is favorable.

The majority further holds that because Appellant
accepted the benefits of the order requiring a PSI and the order requiring
psychosexual testing as part of the PSI, he was estopped from asserting a
Confrontation Clause objection and limited to the statutory remedy of objecting
to factual inaccuracies. Essentially, the majority holds that the
constitutional right to due process as expressed in the Confrontation Clause
must bow to the PSI statute.








To summarize the majority=s new
rule: When a defendant in a criminal case pleads guilty and applies for
community supervision from the judge, he gives up his constitutional due
process rights to confront and cross‑examine the witnesses against him,
his right to have the evidence against him presented under oath, his right to
challenge the admissibility of the evidence against him, and his right to have
the evidence against him presented in open court.  Essentially, the majority holds that when the
PSI statute conflicts with the Constitution, the statute prevails over the
Constitution.  I cannot agree.

The trial court erred by denying Appellant his
constitutional rights to confront and cross‑examine witnesses accusing
him of crimes.  Additionally, the State
emphasized the extraneous acts of misconduct in its closing argument to the
trial court, harming Appellant.  Because
the majority holds that Appellant forfeited his constitutional right to due
process guarantees by applying for community supervision, I must respectfully
dissent.

 

 

LEE
ANN DAUPHINOT

JUSTICE

 

PUBLISH

 

DELIVERED: October 23,
2008

 











[1]Appellant=s exact objection to the
PSI was that

 

[p]age 11 under the
heading of AAdult Felony History@, that - - the four
paragraphs under that heading, Your Honor, I would object to it being
considered because of the Crawford versus Washington.  It violates our right of confrontation and
cross-examination because it=s a pending unadjudicated offense out of Dallas
County, and the reporter, the PSI officer, is bringing evidence of accusations
based upon a case in Dallas, and we would object . . . .

 





[2]The admonishment we
relied upon provided:

 

Joined by my attorney and in accordance with Art. 1.13 and 1.15 of the
Code of Criminal Procedure, I waive and give up my right to a jury, both as to
my guilt and assessment of my punishment. 
Under Art. 1.15, Code of Criminal Procedure, I waive and give up the
right to appearance, confrontation, and cross-examination of the witnesses, and
I consent to oral and written stipulations of 
evidence.





[3]Other cases applying the
invited error doctrine include McCray v. State, 861 S.W.2d 405, 409
(Tex. App.CDallas 1993, no pet.); Mann
v. State, 850 S.W.2d 740, 742 (Tex. App.CHouston [14th Dist.] 1993, pet. ref=d); Ex parte Hargett,
827 S.W.2d 606, 607B08 (Tex. App.CAustin 1992, pet. ref=d).





[4]The trial court may also
request that Aother information
relating to the defendant or the offense@ be included in the PSI.  See Tex. Code Crim. Proc. Ann. art.
42.12, ' 9(a).  The issue before us, however, is limited to
forfeiture of a Confrontation Clause objection to information statutorily
required to be contained in the PSI, here, criminal history.





[5]Numerous federal courts,
even after Crawford, have held that it does not.  See, e.g., United States v. Stone, 432
F.3d 651, 654 (6th Cir. 2005), cert. denied, 127 S. Ct. 129 (2006); United
States v. Chau, 426 F.3d 1318, 1322B23 (11th Cir. 2005); United States v. Monteiro,
417 F.3d 208, 215 (1st Cir. 2005), cert. denied, 546 U.S. 1202 (2006); United
States v. Roche, 415 F.3d 614, 618 (7th Cir.), cert. denied, 546
U.S. 1024 (2005); United States v. Luciano, 414 F.3d 174, 179 (1st Cir.
2005); United States v. Fleck, 413 F.3d 883, 894 (8th Cir. 2005).  The Texas Court of Criminal Appeals has not
directly decided the issue.





[6]Majority op. at 12B13.





[7]See Tex. Code Crim. Proc.
Ann. arts. 37.07, ' 3(d), 42.12, ' 9 (Vernon Supp.
2008).





[8]Majority op. at 12. 





[9]Huizar v. State, 12 S.W.3d 479, 484
(Tex. Crim. App. 2000).





[10]See Tex. Code Crim. Proc.
Ann. art. 37.07, ' 3(a) (Vernon Supp.
2008).





[11]See Russeau v. State, 171 S.W.3d 871, 880B81 (Tex. Crim. App.
2005), cert. denied, 548 U.S. 926 (2006).





[12]Id. (citations omitted).





[13]Majority op. at 15B16.





[14]Tex. Code Crim. Proc.
Ann. art. 38.071 (Vernon Supp. 2008).





[15]Long v. State, 742 S.W.2d 302, 320B21 (Tex. Crim. App. 1987)
(citations omitted), 485 U.S. 993 (1988), overruled on other grounds, Briggs
v. State, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990).





[16]See majority op. at 16B20, 21.





[17]Carroll v. State (Carroll V), 42
S.W.3d 129 (Tex. Crim. App. 2001).





[18]Id. at 132.





[19]526 U.S. 314, 326, 119 S.
Ct. 1307, 1314 (1999).





[20]See majority op. at 19.