**Burg Wayne SUMMERS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 14–95–00298–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

March 13, 1997.

Stanley G. Schneider, Houston, for appellant.

Sandra J. Pomerantz, Houston, for appellee.

Before LEE, AMIDEI and EDELMAN, JJ.

## OPINION

AMIDEI, Justice.

Burg Wayne Summers appeals his conviction by the trial court for theft over $100,000.00. Appellant pleaded "no contest" in a non-negotiated plea and the trial court assessed his punishment at thirty years imprisonment. In three points of error, appellant contends: (1) the trial court erred in sentencing appellant without a pre-sentence investigation report from the county probation department; (2) and (3) the trial court erred in admitting evidence of an extraneous offense during sentencing proceedings. We affirm.

Appellant was indicted for three thefts pursuant to one scheme and continuing course of conduct of property valued at over $100,000.00, a first degree felony. The thefts occurred November 22, 1991, December 9, 1991, and March 17, 1992. Appellant entered a "no contest" plea to the charges with no plea bargain arrangement with the state on November 30, 1994. The trial court rescheduled sentencing to obtain a pre-sentence investigation report (PSI). The state and appellant submitted PSI's. Appellant had requested that he be allowed to submit his own PSI and the state filed its own PSI in response.

In point of error one, appellant contends the trial court erred in failing to order a PSI report from the Harris County Adult Probation Department as required by article 42.19, section 9, Texas Code of Criminal Procedure (Vernon 1993). Appellant argues the PSI is mandatory under article 42.19, section 9. We disagree.

Article 42.12, section 9(a), Texas Code of Criminal Procedure, provides, in pertinent part:

> Except as provided by Subsection (g) of this section, before the imposition of sentence by a judge in a felony case ... the judge *shall* direct a supervision officer to report to the judge in writing on the circumstances of the offense with which the defendant is charged ... (emphasis added).

Article 37.07, section 3(d), Texas Code of Criminal Procedure, provides, in pertinent part:

> When the judge assesses the punishment, he *may* order an investigative report as contemplated in Section 9 of Article 42.12 of this code and after considering the report, and after the hearing of the evidence hereinabove provided for, he shall forthwith announce his decision in open court as to the punishment to be assessed.

A court's decision to order the PSI is discretionary. *Stancliff v. State*, 852 S.W.2d 639, 640 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd). The *Stancliff* court held, in pertinent part:

> When a judge assesses punishment he *may* order an investigative report as contemplated in § 4 [now, section 9] of Article 42.12. TEX.CODE CRIM.PROC.ANN. art 37.07 § 3(d) (Vernon 1993). A court's decision to order such a report is discretionary [citation omitted]. The court will not err for failing to order a presentence investigative report.

*Id.* at 640.

The record shows appellant did not object to the fact that the probation department did not prepare a PSI. The record shows the court stated to appellant's counsel that previous counsel requested permission to file his own PSI which was a "waiver of a PSI." Appellant's counsel stated his objections "are just to [portions of] the report that the state prepared." We find that appellant has waived his right to have the trial court order preparation of the PSI by the probation department as required by article 42.12, section 9, Texas Code of Criminal Procedure. *See Wright v. State*, 873 S.W.2d 77, 83 (Tex.

App.—Dallas 1994, pet. ref'd). The trial court did not abuse its discretion by failing to order a PSI from the probation department. Appellant's point of error one is overruled.

In points of error two and three, appellant contends the trial court erred in considering an unadjudicated extraneous offense that was listed in the state's PSI. Appellant argues the state's PSI contained a reference to a pending charge for bank fraud in Louisiana in the federal court. The PSI contains a document entitled "Additional Criminal History Information" and a case summary written by the district attorney indicating appellant signed a plea agreement made with the prosecutors in the U.S. Attorney's office in New Orleans, Louisiana, whereby appellant had agreed to make restitution for 2.2 million dollars for a bank fraud. The trial judge marked the summary "admitted—over defendant's objection." Appellant's objection was "that this goes to unadjudicated extraneous offenses which must be proven beyond a reasonable doubt." Appellant cites *Grunsfeld v. State*, 843 S.W.2d 521 (Tex.Crim.App. 1992) as authority for the proposition that evidence of unadjudicated extraneous offenses is not admissible at the punishment phase of a noncapital offense. *Id.* at 526.

■ *Grunsfeld* held that evidence of unadjudicated extraneous offenses is not admissible at the punishment phase of a noncapital offense unless the evidence is permitted by the Rules of Evidence and the evidence satisfies the statutory definition of a prior criminal records as found in article 37.07(3)(a), Texas Code of Criminal Procedure. *Id.* at 523. An exception to this rule is when a defendant offers evidence of his suitability for probation, he "opens the door" to rebuttal evidence about specific bad acts that are relevant to deciding his suitability. *Anderson v. State*, 896 S.W.2d 578, 579–80 (Tex.App.—Fort Worth 1995, pet. ref'd).

■ In this case, appellant submitted his own PSI that contained many exhibits purporting to demonstrate his ability to make full restitution of the victim's financial loss of over $400,000.00. Appellant also offered testimony of Charlyn Brotemarkle to the effect appellant would make "a good candidate for some type of probation." Ms. Brotemarkle testified appellant "ought to have probation" despite the Louisiana bank fraud charge and the large sums of money involved in the thefts. Hal Stevenson testified that appellant was a good candidate for probation regardless of the amount of money stolen here and in Louisiana. We find appellant opened the door to the state's evidence of the pending charge for bank fraud in Louisiana by tendering evidence of his suitability for probation and his financial ability to make restitution. By tendering this evidence, appellant consented to the admission of specific acts of conduct to be weighed by the trial judge in deciding what punishment to assess. *Anderson*, 896 S.W.2d at 579. We find the trial court did not abuse its discretion in admitting evidence of the pending bank fraud in Louisiana. We overrule appellant's points of error two and three.

The judgment of the trial court is affirmed.