In The
Court of Appeals
For The
First District of Texas
____________
NO. 01-01-00493-CR
NO. 01-01-00494-CR
____________

MARCUS RENAE RAMIREZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause Nos. 857995, 857996




MEMORANDUM OPINION
           Marcus Renae Ramirez, appellant, was charged by indictment with two counts of
aggravated robbery and one count of aggravated kidnapping. Pursuant to an agreement
reached between appellant and the State, appellant pled guilty to two counts of aggravated
robbery. The aggravated kidnapping charge was dismissed. Following a sentencing hearing,
appellant was sentenced to 40 years imprisonment. Appellant raises the following issues on
appeal, claiming: (1) the trial court erred in failing to order a pre-sentence investigation
report, (2) trial counsel was ineffective by not objecting to the court’s punishment hearing
and extraneous offense evidence, and (3) the trial court abused its discretion in failing to hold
a hearing on appellant’s motion for new trial claiming ineffective assistance of counsel. We
affirm.
Discussion
Pre-sentence Investigation Report
           In his first point of error, appellant claims that the trial court erred by not conducting
a mandatory pre-sentence investigation report (PSI). The record shows that two weeks
before sentencing, appellant made a written statement which read, “I knowingly and
voluntarily waive my right to the preparation of a report by the probation officer and
expressly request that such report not be prepared.” Furthermore, appellant did not object
to the trial court’s failure to order a PSI or bring it to the trial court’s attention at his
punishment hearing or in his motion for new trial. The error in failing to order a PSI is
waived if the defendant fails to object to the failure or bring the failure to the trial court’s
attention. See Summers v. State, 942 S.W.2d 695, 696 (Tex. App.—Houston [14th Dist.]
1997, no pet.). Thus, any complaint is waived. We overrule appellant’s first point of error.
Motion for New Trial
           In his third point of error, appellant claims that the trial court abused its discretion in
not granting a hearing on his motion for new trial which alleged he was denied effective
assistance of counsel. The record indicates that appellant was sentenced on March 22, 2001
and that his motion for new trial was filed on April 27, 2001. Texas Rule of Appellate
Procedure 21.4(a) states, “The defendant may file a motion for new trial before, but not later
than 30 days after, the date when the trial court imposes or suspends sentence in open court. 
Tex. R. App. P. 21.4(a). We hold that appellant’s motion was untimely filed. We overrule
appellant’s third point of error.
Ineffective Assistance of Counsel
           In his second point of error, appellant claims his trial counsel was ineffective in two
instances: in not objecting at the punishment hearing that the court had not made a pre-sentence investigation report, and in not objecting to the introduction of extraneous offense
evidence.
           The standard of review for evaluating claims of ineffective assistance of counsel is
set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). See
Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); Hernandez v. State, 726
S.W.2d 53, 55 (Tex. Crim. App. 1986); Gamble v. State, 916 S.W.2d 92, 93 (Tex.
App.—Houston [1st Dist.] 1996, no pet.). Appellant must show that (1) counsel’s
performance was so deficient that he was not functioning as acceptable counsel under the
Sixth Amendment, and (2) but for the counsel’s error, the result of the proceedings would
have been different. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Thompson, 9 S.W.3d
at 812; Gamble, 916 S.W.2d at 93. 
           It is the defendant’s burden to prove ineffective assistance of counsel. Strickland, 466
U.S. at 687, 104 S. Ct. at 2064; Gamble, 916 S.W.2d at 93. Defendant must overcome the
presumption that, under the circumstances, the challenged action might be considered sound
trial strategy. Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; Thompson, 9 S.W.3d at 813;
Gamble, 916 S.W.2d at 93.
           The record shows that appellant knowingly and voluntarily waived his right to the
preparation of a PSI report. The record is silent as to why counsel did not object to the
introduction of extraneous offense evidence. See Gamble, 916 S.W.2d at 93. 
Furthermore, to find that trial counsel was ineffective based on the asserted grounds would
call for speculation, which we will not do. See Jackson v. State, 877 S.W.2d 768, 771 (Tex.
Crim. App. 1994); Gamble, 916 S.W.2d at 93. We overrule appellant’s second point of error.
Conclusion
           We affirm the trial court’s judgment.
 
                                                                             Sam Nuchia
                                                                             Justice

Panel consists of Chief Justice Radack and Justices Nuchia and Hanks.
Do not publish. Tex. R. App. P. 47.