Affirmed and Memorandum Opinion filed May 8, 2007








Affirmed and Memorandum Opinion filed May 8, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00396-CR

NO. 14-06-00397-CR

____________

 

JOSHUA LUKE PETTIT, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 400th
District Court

Fort Bend County, Texas

Trial Court Cause Nos. 42,947
& 42,948

 



 

M E M O R A N D U M   O P I N I O N

Appellant entered pleas of guilty to the offenses of
unauthorized use of a motor vehicle and arson.  He was convicted, and the court
assessed punishment at eighteen months= confinement in a
state jail for unauthorized use of a motor vehicle and fourteen years= confinement in
the Institutional Division of the Texas Department of Criminal Justice.  In a
single issue, appellant contends that the trial court erred in failing to
permit appellant forty-eight hours to review the pre-sentence investigation
report.  We affirm.








Background

At appellant=s plea hearing,
the trial court tendered the PSI report to counsel and noted that the results
of a psychological examination were included in the report.  The court asked if
both parties had an opportunity to review the report.  The State responded that
it had a copy of the report and had reviewed it.  Appellant=s counsel asked to
review the psychological attachment because that evaluation was not in his copy
of the  pre-sentence investigation (APSI@) report.  Counsel
reviewed the PSI report during a short break in the hearing.  The trial court
then asked appellant if he understood the rights he  waived by pleading guilty,
and appellant answered in the affirmative.  The State introduced State=s Exhibit 3, the
PSI report, into evidence.  Appellant=s counsel
responded, AYour Honor, I would have no objection to State=s Exhibit 3.  I
have reviewed them in the past.@

Waiver








In a single issue, appellant contends  the trial court
committed harmful error by failing to permit appellant forty-eight hours to
review the PSI report as required by article 42.12 section 9(d) of the Code of
Criminal Procedure.  Section 9(d) of article 42.12 provides that, AUnless waived by
the defendant, at least 48 hours before sentencing a defendant, the judge shall
permit the defendant or his counsel to read the pre-sentence report.@  Tex. Code Crim. Proc. Ann. art. 42.12 ' 9(d).  Appellant
contends  the trial court erred  by failing to, sua sponte, grant
forty-eight hours  for appellant and his counsel to review the PSI report.  The
right to have a PSI conducted and a report prepared is forfeited when a party
fails to request a PSI.  Summers v. State, 942 S.W.2d 695, 696B97 (Tex. App.CHouston [14th
Dist.] 1997, no pet.).  Appellant claims the legislature in including the
words, Aunless waived,@ has elevated the
right to review a PSI report forty-eight hours prior to sentencing to a right
that must be implemented unless expressly waived.  We do not agree that article
42.12 requires an express waiver, but even if it did, appellant clearly waived
the forty-eight hour time period in which to review the report.  Appellant did
not merely remain silent, but   instead affirmatively stated that he had no
objection to the report,  explaining he had Areviewed them in
the past.@  Further, appellant requested several typographical
corrections to the PSI report, indicating he had ample time to review it. 
Therefore, appellant waived his right to a review of the PSI report forty-eight
hours prior to sentencing.  Appellant=s sole issue is
overruled.

The judgment of the trial court is affirmed.

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed May 8, 2007.

Panel consists of
Chief Justice Hedges and Justices Frost and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).