NO. 07-07-0202-CV
 


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 25, 2007
 


______________________________




IN RE: MICHAEL JONES, RELATOR



_________________________________






Before CAMPBELL and HANCOCK and PIRTLE, JJ. 





ORDER GRANTING HABEAS CORPUS RELIEF




 This is an original proceeding for habeas corpus relief. (1) The record before this
Court reflects that on October 10, 2006, Relator appeared before the trial court to respond
to Carol McGee's attempt to revoke a prior order suspending imposition of a 90-day
contempt sentence for non-payment of child support. In addition to seeking revocation of
the prior order of contempt, McGee requested that the trial court also consider holding
Relator in criminal contempt for at least twelve new violations of the order of support. 
Finding that Relator failed to pay child support as ordered on twelve specific dates, the trial
court revoked the prior order suspending imposition of commitment and entered a finding
of contempt as to each separate violation. The court then sentenced him to 100 days
confinement in the Moore County Jail for each separate violation. The trial court also
ordered that the periods of confinement run consecutively for a total of 1200 days, with the
initial period of confinement to begin to run after Relator had served his 90 day sentence
according to the court's simultaneous order revoking the prior order suspending imposition
of commitment. Relator contends that the Order Holding Respondent in Contempt for
Failure to Pay Child Support, Granting Judgment, and for Commitment to County Jail is
void because a "serious criminal penalty" could not be imposed without affording him the
right to a jury trial. Relator further contends that his right to a jury trial was violated
because he did not waive that right prior to imposition of sentence. We agree. For that
reason, we grant the habeas relief requested and order that Relator be immediately
released.

 Both the United States Supreme Court and the Texas Supreme Court have held that
absent the full protection of a jury trial, a person found to be guilty of criminal contempt
cannot be punished by a "serious criminal penalty." United Mine Workers of America v.
Bagwell, 512 U.S. 821, 833, 114 S.Ct. 2552, 2560, 129 L.Ed.2d 642 (1994); Ex parte
Sproull, 815 S.W.2d 250 (Tex.1991). A "serious criminal penalty" is one where the
potential period of incarceration exceeds 180 days. Ex parte Sproull, 815 S.W.2d at 250.
Ex parte Werblud, 536 S.W.2d 542, 546-47 (Tex. 1976).

 In this case, the record shows that the trial court did not inform Relator of his right
to a jury trial before proceeding to consider McGee's motion for enforcement. 
Furthermore, although the Order Holding Respondent in Contempt for Failure to Pay Child
Support, Granting Judgment, and for Commitment to County Jail reflects that "a jury was
waived," nothing in the record supports this statement. Pursuant to a request from this
Court for a response from the real party in interest, McGee has conceded that Relator did
not waive his right to a jury trial prior to commencement of the contempt proceeding. 
Notwithstanding the recitation of waiver contained in the order, in light of this concession,
we will not presume that Relator has waived his right to a jury trial. Ex parte Griffin, 682
S.W.2d 261, 262 (Tex. 1984). Because Relator did not waive his right to a jury trial, the
Court, without hearing oral arguments, grants the writ of habeas corpus and orders Relator
be immediately discharged. Tex. R. App. P. 52.8. All other relief requested is denied.


 Per Curiam


1. This case originates from the 69th District Court of Moore County. Senior District
Judge David Gleason sitting by assignment.


" SemiHidden="false"
 UnhideWhenUsed="false" QFormat="true" Name="No Spacing"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0158-CR

                                                             

                                                   IN
THE COURT OF APPEALS

 

                                       FOR THE
SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                     PANEL
D

 

                                                           SEPTEMBER
2, 2010

                                            ______________________________

 

                                                       MONICA SASHA JONES, 

 

                                                                                                            Appellant

 

                                                                             v.

 

                                                        THE STATE OF TEXAS, 

 

                                                                                                            Appellee

                                           _______________________________

 

                             FROM THE 66TH
DISTRICT COURT OF HILL COUNTY;

 

                       NO.  32,549; HON. F.B. (BOB) MCGREGOR, JR.,
PRESIDING

                                           _______________________________

 

Memorandum Opinion

_______________________________

 

Before QUINN, C.J., and CAMPBELL and PIRTLE,
JJ.

            Appellant Monica Sasha Jones appeals
the judgment adjudicating her guilty of endangering a child.  Through a single issue, she contends that she
was denied due process when the trial court re-reviewed the original
presentence investigation report.  We
affirm.

 

 

Issue
 Due Process

            Appellant contends that the trial
court abused its discretion and denied her due process when it reviewed a
presentence investigation report (at the adjudication hearing) that was
prepared five years earlier instead of ordering a new one.  The record does not disclose where that
objection or concern was contemporaneously brought to the attention of the
trial court, however, and this is problematic. 
  

            To preserve a complaint for
appellate review, the complainant must object to the purported error.  Tex.
R. App. P. 33.1(a)(1)(A); Saldano
v. State, 70 S.W.3d 873, 891 (Tex. Crim. App. 2002)
(holding that failure to make an objection may waive constitutional error); Nunez
v. State, 117 S.W.3d 309, 319 (Tex. App.Corpus Christi 2003,
no pet.) (holding that the failure to timely and
specifically object at trial may waive even constitutional rights).  Furthermore, the objection must be made as
soon as the ground for same becomes apparent. 
House v. State, 909 S.W.2d 214, 216 (Tex. App.Houston [14th
Dist.] 1995), affd, 947 S.W.2d 251 (Tex.
Crim. App. 1997).  Appellant did not
comply with these directives here.  The
trial court expressly informed the litigants of its intent to re-review the
presentence investigation report.  No
objection was made by appellant.  So, she
failed to preserve the purported error.  See Summers v.
State, 942 S.W.2d 695, 696-97 (Tex. App.Houston [14th Dist.]
1997, no pet.) (holding that the appellant waived
objection to the failure to order a PSI because the objection was not raised
below).[1] 

            

Accordingly,
we overrule her issue and affirm the judgment of the trial court.

                                                                                                

                                                                                    Brian
Quinn

                                                                                    Chief
Justice

 

 

 

 

Do
not publish.

 











[1]To the extent that appellants issue
could also encompass the notion that she was denied opportunity to present
evidence on punishment, we again note that no one raised that particular ground
below.  Thus, it too was waived.  See
Harris v. State, 160 S.W.3d 621, 626 (Tex. App.Waco 2005, pet. dismd).