NO. 07-08-0490-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

APRIL 29, 2009
______________________________

CERTAIN PRIMARY UNDERWRITERS AT LLOYDâS, 
LONDON OF M.E.C. &/OR MOBILE EXPRESS CORPORATION AND
CERTAIN EXCESS UNDERWRITERS AT LLOYDâS, LONDON
OF M.E.C. &/OR MOBILE EXPRESS CORPORATION , APPELLANTS

V.

HERRING BANK F/K/A HERRING NATIONAL BANK, APPELLEE
_________________________________

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 93,282-B; HONORABLE JOHN B. BOARD, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
ON MOTION TO DISMISS
Â Â Â Â Â Â Â Â Â Â On April 27, 2009, appellants Certain Primary Underwriters at Lloydâs, London of
M.E.C. &/or Mobile Express Corporation and Certain Excess Underwriters at Lloydâs,
London of M.E.C. &/or Mobile Express Corporation filed a motion to dismiss their appeal.
According to the motion, the parties reached a settlement. In the motion, counsel for
appellants states that he conferred with counsel for appellee and counsel for appellee does
not oppose the motion. Appellants further request taxation of appellate costs against them. 
Â Â Â Â Â Â Â Â Â Â The motion to dismiss is granted and the appeal is dismissed. Tex. R. App. P.
42.1(a)(1). Costs of the appeal are taxed against appellants.
Â Â Â Â Â Â Â Â Â Â Having dismissed the appeal at appellantsâ request, we will not entertain a motion
for rehearing and our mandate will issue forthwith.


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â James T. Campbell

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice





Â 






"70" SemiHidden="false"
 UnhideWhenUsed="false" Name="Dark List"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0158-CR

   Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  IN
THE COURT OF APPEALS

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  AT
AMARILLO

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  PANEL
D

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  SEPTEMBER
2, 2010

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MONICA SASHA JONES, 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  v.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS, 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellee

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  _______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  FROM THE 66TH
DISTRICT COURT OF HILL COUNTY;

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  NO.Â  32,549; HON. F.B. (BOB) MCGREGOR, JR.,
PRESIDING

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  _______________________________

Â 

Memorandum Opinion

_______________________________

Â 

Before QUINN, C.J., and CAMPBELL and PIRTLE,
JJ.

Â Â Â Â Â Â Â Â Â Â Â  Appellant Monica Sasha Jones appeals
the judgment adjudicating her guilty of endangering a child.Â  Through a single issue, she contends that she
was denied due process when the trial court Âre-reviewed the original
presentence investigation report.ÂÂ  We
affirm.

Â 

Â 

Issue
Â Due Process

Â Â Â Â Â Â Â Â Â Â Â  Appellant contends that the trial
court abused its discretion and denied her due process when it reviewed a
presentence investigation report (at the adjudication hearing) that was
prepared five years earlier instead of ordering a new one.Â  The record does not disclose where that
objection or concern was contemporaneously brought to the attention of the
trial court, however, and this is problematic.Â 
Â Â 

Â Â Â Â Â Â Â Â Â Â Â  To preserve a complaint for
appellate review, the complainant must object to the purported error.Â  Tex.
R. App. P. 33.1(a)(1)(A); Saldano
v. State, 70 S.W.3d 873, 891 (Tex. Crim. App. 2002)
(holding that failure to make an objection may waive constitutional error); Nunez
v. State, 117 S.W.3d 309, 319 (Tex. App.ÂCorpus Christi 2003,
no pet.) (holding that the failure to timely and
specifically object at trial may waive even constitutional rights).Â  Furthermore, the objection must be made as
soon as the ground for same becomes apparent.Â 
House v. State, 909 S.W.2d 214, 216 (Tex. App.ÂHouston [14th
Dist.] 1995), affÂd, 947 S.W.2d 251 (Tex.
Crim. App. 1997).Â  Appellant did not
comply with these directives here.Â  The
trial court expressly informed the litigants of its intent to Âre-review the
presentence investigationÂ report.Â  No
objection was made by appellant.Â  So, she
failed to preserve the purported error.Â  See Summers v.
State, 942 S.W.2d 695, 696-97 (Tex. App.ÂHouston [14th Dist.]
1997, no pet.) (holding that the appellant waived
objection to the failure to order a PSI because the objection was not raised
below).[1] 

Â Â Â Â Â Â Â Â Â Â Â  

Accordingly,
we overrule her issue and affirm the judgment of the trial court.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Brian
Quinn

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Â 

Â 

Â 

Do
not publish.

Â 











[1]To the extent that appellantÂs issue
could also encompass the notion that she was denied opportunity to present
evidence on punishment, we again note that no one raised that particular ground
below.Â  Thus, it too was waived.Â  See
Harris v. State, 160 S.W.3d 621, 626 (Tex. App.ÂWaco 2005, pet. dismÂd).