NO. 07-10-0158-CR

                                                             

                                                   IN
THE COURT OF APPEALS

 

                                       FOR THE
SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                     PANEL
D

 

                                                           SEPTEMBER
2, 2010

                                            ______________________________

 

                                                       MONICA SASHA JONES, 

 

                                                                                                            Appellant

 

                                                                             v.

 

                                                        THE STATE OF TEXAS, 

 

                                                                                                            Appellee

                                           _______________________________

 

                             FROM THE 66TH
DISTRICT COURT OF HILL COUNTY;

 

                       NO.  32,549; HON. F.B. (BOB) MCGREGOR, JR.,
PRESIDING

                                           _______________________________

 

Memorandum Opinion

_______________________________

 

Before QUINN, C.J., and CAMPBELL and PIRTLE,
JJ.

            Appellant Monica Sasha Jones appeals
the judgment adjudicating her guilty of endangering a child.  Through a single issue, she contends that she
was denied due process when the trial court “re-reviewed the original
presentence investigation report.”  We
affirm.

 

 

Issue
– Due Process

            Appellant contends that the trial
court abused its discretion and denied her due process when it reviewed a
presentence investigation report (at the adjudication hearing) that was
prepared five years earlier instead of ordering a new one.  The record does not disclose where that
objection or concern was contemporaneously brought to the attention of the
trial court, however, and this is problematic. 
  

            To preserve a complaint for
appellate review, the complainant must object to the purported error.  Tex.
R. App. P. 33.1(a)(1)(A); Saldano
v. State, 70 S.W.3d 873, 891 (Tex. Crim. App. 2002)
(holding that failure to make an objection may waive constitutional error); Nunez
v. State, 117 S.W.3d 309, 319 (Tex. App.–Corpus Christi 2003,
no pet.) (holding that the failure to timely and
specifically object at trial may waive even constitutional rights).  Furthermore, the objection must be made as
soon as the ground for same becomes apparent. 
House v. State, 909 S.W.2d 214, 216 (Tex. App.–Houston [14th
Dist.] 1995), aff’d, 947 S.W.2d 251 (Tex.
Crim. App. 1997).  Appellant did not
comply with these directives here.  The
trial court expressly informed the litigants of its intent to “re-review the
presentence investigation” report.  No
objection was made by appellant.  So, she
failed to preserve the purported error.  See Summers v.
State, 942 S.W.2d 695, 696-97 (Tex. App.–Houston [14th Dist.]
1997, no pet.) (holding that the appellant waived
objection to the failure to order a PSI because the objection was not raised
below).[1] 

            

Accordingly,
we overrule her issue and affirm the judgment of the trial court.

                                                                                                

                                                                                    Brian
Quinn

                                                                                    Chief
Justice

 

 

 

 

Do
not publish.

 











[1]To the extent that appellant’s issue
could also encompass the notion that she was denied opportunity to present
evidence on punishment, we again note that no one raised that particular ground
below.  Thus, it too was waived.  See
Harris v. State, 160 S.W.3d 621, 626 (Tex. App.–Waco 2005, pet. dism’d).