NO. 07-10-0158-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 2, 2010

_____

MONICA SASHA JONES,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 66TH DISTRICT COURT OF HILL COUNTY;

NO.  32,549; HON. F.B. (BOB) MCGREGOR, JR., PRESIDING

_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Monica Sasha Jones appeals the judgment adjudicating her guilty of endangering a child.  Through a single issue, she contends that she was denied due process when the trial court "re-reviewed the original presentence investigation report." We affirm.

### *Issue – Due Process*

Appellant contends that the trial court abused its discretion and denied her due process when it reviewed a presentence investigation report (at the adjudication hearing) that was prepared five years earlier instead of ordering a new one. The record does not disclose where that objection or concern was contemporaneously brought to the attention of the trial court, however, and this is problematic.

To preserve a complaint for appellate review, the complainant must object to the purported error. TEX. R. APP. P. 33.1(a)(1)(A); *Saldano v. State,* 70 S.W.3d 873, 891 (Tex. Crim. App. 2002) (holding that failure to make an objection may waive constitutional error); *Nunez v. State,* 117 S.W.3d 309, 319 (Tex. App.–Corpus Christi 2003, no pet.) (holding that the failure to timely and specifically object at trial may waive even constitutional rights). Furthermore, the objection must be made as soon as the ground for same becomes apparent. *House v. State*, 909 S.W.2d 214, 216 (Tex. App.–Houston [14th Dist.] 1995), *aff'd*, 947 S.W.2d 251 (Tex. Crim. App. 1997). Appellant did not comply with these directives here. The trial court expressly informed the litigants of its intent to "re-review the presentence investigation" report. No objection was made by appellant. So, she failed to preserve the purported error. *See Summers v. State*, 942 S.W.2d 695, 696-97 (Tex. App.–Houston [14th Dist.] 1997, no pet.) (holding that the appellant waived objection to the failure to order a PSI because the objection was not raised below).[1]

---

[1]To the extent that appellant's issue could also encompass the notion that she was denied opportunity to present evidence on punishment, we again note that no one raised that particular ground below. Thus, it too was waived. *See Harris v. State*, 160 S.W.3d 621, 626 (Tex. App.–Waco 2005, pet. dism'd).

Accordingly, we overrule her issue and affirm the judgment of the trial court.

Brian Quinn
Chief Justice

Do not publish.