**Opinion issued July 26, 2012**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-11-00842-CR

————————————

**MATTHEW LEE ADAME, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 232nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1211396**

## MEMORANDUM OPINION

Appellant, Matthew Lee Adame, was charged by indictment with aggravated robbery with a deadly weapon.[1] Appellant pleaded guilty. The trial court deferred

---

[1] *See* TEX. PENAL CODE ANN. § 29.03 (Vernon 2011).

adjudication of guilt and placed appellant on community supervision for five years. The State filed a motion to adjudicate guilt based on a charge of burglary of a vehicle. The trial court found the allegation to be true and entered a final adjudication of guilt of the original indictment. The trial court assessed a punishment of 12 years' confinement. In two issues, appellant argues that (1) there was insufficient evidence to support adjudication and (2) he received ineffective assistance of counsel during the sentencing phase.

We affirm.

## Background

On August 7, 2009, appellant pleaded guilty to a charge of aggravated robbery with a deadly weapon. Appellant was placed on five years' community supervision deferred adjudication. One condition of appellant's community supervision was that he would "[c]ommit no offense against the laws of this or any other State or of the United States."

On May 7, 2011, at approximately 2:00 a.m., two police officers came upon appellant and his uncle, Leonard Ernest Guzman. Appellant was sitting in the driver's side of his car, and Guzman was digging through the trunk of a neighboring car. When the police officers stopped, appellant stepped out of his car and moved away from the police and toward the front of the car. When he was told to stop, appellant did so. The police officers found that the keyhole of the

trunk of the second car had been pried, bent, and dented. There were various tools on the ground and in the back seat of appellant's car. The police officers located the owner of the second vehicle, Ezequiel Ramirez, who told the officers that the car belonged to him, as did the tools on the ground and in appellant's car. Appellant was arrested.

Based on that arrest, the State filed a motion to revoke appellant's community supervision, alleging that he had violated a condition of his community supervision. Appellant entered a plea of not true. The trial court found the allegation to be true and made a final adjudication of guilt. Appellant was sentenced to 12 years' confinement.

## Sufficiency of Evidence

In his first issue, appellant argues that the evidence was insufficient to support final adjudication.

### A.     Standard of Review

A trial court's determination on a motion to adjudicate is reviewable in the same manner as a determination of a motion to revoke community supervision. TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(b) (Vernon Supp. 2011). A revocation proceeding is neither criminal nor civil in nature; rather, it is an administrative proceeding. *Canseco v. State*, 199 S.W.3d 437, 438 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). At a revocation hearing, the State must prove by a

3

preponderance of the evidence that the defendant has violated a condition of his community supervision. *Id.* at 438–39. The State satisfies its burden if the greater weight of the credible evidence creates a reasonable belief that the defendant violated a condition of his probation as alleged by the State. *Solis v. State*, 589 S.W.2d 444, 447 (Tex. Crim. App. 1979); *Armstrong v. State*, 82 S.W.3d 444, 448 (Tex. App.—Austin 2002, pet. ref'd). Proof of a single violation is sufficient to support a revocation. *Canseco*, 199 S.W.3d at 439.

Our review of an order adjudicating guilt and revoking community supervision is limited to determining whether the trial court abused its discretion in determining that the defendant violated the terms of his community supervision. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Duncan v. State*, 321 S.W.3d 53, 56–57 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). We view the evidence in the light most favorable to the trial court's order. *Canseco*, 199 S.W.3d at 439; *Duncan*, 321 S.W.3d at 57. As the trier of fact at a revocation proceeding, the trial court determines the credibility of the witnesses and the weight to be given to their testimony. *Armstrong*, 82 S.W.3d at 448.

**B.     Analysis**

Appellant contends that the trial court abused its discretion when it found that he violated the terms of his community supervision by committing the offense of being a party to a burglary of a vehicle. We disagree.

4

Appellant was found to have violated Penal Code section 30.04, which provides, "A person commits an offense if, without the effective consent of the owner, he breaks into or enters a vehicle or any part of a vehicle with intent to commit any felony or theft." TEX. PENAL CODE ANN. § 30.04 (Vernon 2011). The State sought to charge appellant under the law of parties. Under section 7.02 of the Texas Penal Code, "[a] person is criminally responsible for an offense committed by the conduct of another if . . . acting with intent to promote or assist the commission of the offense, he . . . aids, or attempts to aid the other person to commit the offense." TEX. PENAL CODE ANN. § 7.02(a)(2) (Vernon 2011).

Appellant contends that the State failed to offer sufficient proof to establish the required *actus reus*. More specifically, appellant contends that the State's evidence failed to show that he participated in the crime. Instead, appellant argues, the evidence shows no more than his mere presence.

Mere presence at the scene of the offense is not enough to make one a party, but may be sufficient, when taken with other evidence to show that he was a participant. *Wygal v. State*, 555 S.W.2d 465, 469 n.3 (Tex. Crim. App. 1977). The fact-finder may consider events occurring before, during, and after the commission of the offense in determining whether a person is a party. *Id.* at 468–69; *Diaz v. State*, 902 S.W.2d 149, 151–52 (Tex. App.—Houston [1st Dist.] 1995, no pet.).

5

Appellant's common-law wife testified that Guzman came to appellant in the middle of the night to ask for a ride. At the hearing, appellant testified that he was the owner of his vehicle and that he used it to give Guzman a ride to the location where they were both arrested for robbery of a vehicle.

The arresting officer testified that appellant got out of his vehicle and began to walk away when the police arrived. The officer stated that in his opinion, appellant "was the getaway driver."

Ramirez testified that he owned the burglarized vehicle and the tools inside the trunk. He also testified that he had not given consent to appellant or Guzman to be in his vehicle or to move his tools from his trunk to appellant's car.

In short, appellant had agreed to drive his uncle somewhere in the middle of the night. He was in his car while his uncle was breaking in to a nearby car and transferring items into appellant's car. When police arrived, appellant tried to walk away. This is sufficient evidence to support a finding by a preponderance of the evidence that appellant was more than merely present during the commission of the crime. *See Solis*, 589 S.W.2d at 447 (requiring the greater weight of the credible evidence to create a reasonable belief that the defendant violated a condition of his probation as alleged by the State).

Appellant contended that he was "half asleep" and "drowsy" while Guzman moved Ramirez's tools from Ramirez's car to appellant's car. Appellant also

6

testified that he was aware that Guzman put a bag in the back of his car, but he did not testify as to whether he knew the contents of the bag. At most, this created a conflict in the evidence, which is left to the fact finder to resolve. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). We may not re-evaluate the weight and credibility of the record evidence and thereby substitute our judgment for that of the fact-finder. *Id.*

Viewing the evidence in the light most favorable to the court's order, we hold that the trial court could have reasonably found by a preponderance of the evidence that appellant aided or attempted to aid Guzman in committing the offense of vehicle burglary, thus violating a condition of his community supervision. We overrule appellant's first issue.

## Ineffective Assistance of Counsel

In his second issue, appellant contends that he received ineffective assistance of counsel during the punishment phase. Specifically, appellant asserts that his counsel failed "to develop and present a mitigation theme of mental illness through the [presentence investigation] process."

### A. Standard of Review

The Sixth Amendment to the United States Constitution guarantees the right to reasonably effective assistance of counsel in criminal prosecutions. *See* U.S. CONST. amend. VI. To show ineffective assistance of counsel, a defendant must

7

demonstrate both (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S. Ct. 2052, 2064, 2068 (1984); *Andrews v. State*, 159 S.W.3d 98, 101–02 (Tex. Crim. App. 2005). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *See Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009); *Andrews*, 159 S.W.3d at 101.

An appellant bears the burden of proving by a preponderance of the evidence that his counsel was ineffective. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Id.* at 814. We presume that a counsel's conduct falls within the wide range of reasonable professional assistance, and we will find a counsel's performance deficient only if the conduct is so outrageous that no competent attorney would have engaged in it. *Andrews*, 159 S.W.3d at 101.

The Court of Criminal Appeals recently stated that "[i]n making an assessment of effective assistance of counsel, an appellate court must review the totality of the representation and the circumstances of each case without the benefit of hindsight." *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011). The

8

court further stated that demonstrating ineffective assistance of counsel on direct appeal is "a difficult hurdle to overcome." *Id.* The court instructed, "[T]he record must demonstrate that counsel's performance fell below an objective standard of reasonableness as a matter of law, and that no reasonable trial strategy could justify trial counsel's acts or omissions, regardless of his or her subjective reasoning." *Id.*

## B. Analysis

Appellant contends that he was denied effective assistance of counsel at his revocation hearing because his counsel failed to "press for a mental health evaluation as part of a [presentence investigation]." Appellant relies on article 42.12, section 9(i) of the Code of Criminal Procedure, which states that a presentence investigation shall include a psychological evaluation if it appears the defendant has a mental impairment. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 9(i) (Vernon Supp. 2011).

Although section 9(a) requires a presentence investigation to be conducted before sentencing,[2] the right to a presentence investigation may be waived. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 §9(a); *Welch v. State*, 335 S.W.3d 376, 382 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd). A defendant may waive any right secured to him by law, including the right to a presentence investigation

---

[2] Subsection (a) provides that "before the imposition of sentence by a judge in a felony case . . . the judge shall direct a supervision officer to report to the judge in writing on the circumstances of the offense with which the defendant is charged." TEX. CODE CRIM. PROC. ANN. art. 42.12 § 9(a) (Vernon Supp. 2011).

9

report.  *See* TEX. CODE CRIM. PROC. ANN. art. 1.14(a) (Vernon 2005); *see also* *Welch*, 335 S.W.3d at 382.

At the plea phase of the trial, appellant stated in writing: "I do not want the probation department to prepare a presentence investigation report, and I give up any right to have such a report prepared in this case."  Final adjudication of guilt and sentencing are part of the same proceeding as the plea phase.  *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(b) ("After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred.").  The trial court is not required to have a presentence investigation report prepared when there has been a waiver of that right at the plea phase.  *Griffith v. State*, 166 S.W.3d 261, 265 (Tex. Crim. App. 2005).  "Because the initial plea and the adjudication and sentencing [are] really one legal proceeding, the appellant's waiver continue[s] to be effective."  *Id.*

It is reasonable to conclude that counsel was aware of the effective waiver at the plea phase and, for that reason, did not seek a presentence investigation report. Trial counsel could have considered an objection to the lack of a psychological evaluation in the presentence investigation report futile, given that appellant had waived any right to have a presentence investigation report prepared.  Trial counsel is not ineffective for failure to make futile objections.  *See Ex parte White*, 160

S.W.3d 46, 53 (Tex. Crim. App. 2004); *Vaughn v. State*, 931 S.W.2d 564, 566 (Tex. Crim. App. 1996); *see also Edmond v. State*, 116 S.W.3d 110, 115 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd) (stating trial counsel is not ineffective for failing to make a frivolous objection).

Appellant relies on *Welch v. State*, 335 S.W.3d 376 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) to support his claim of ineffective assistance of counsel. In *Welch*, the defendant contended that the trial court had an obligation to consider mitigating factors regarding personal culpability, specifically mental competence. 335 S.W.3d at 378. The Fourteenth Court of Appeals held that the trial court did not have an obligation to "scrutinize the universe of mitigating factors that might remain undiscovered in the case." *Id.* at 381. The court further held that "[t]he right to a psychological evaluation may be forfeited, just as the right to a presentence investigation generally." *Id.* at 382 (citing *Summers v. State*, 942 S.W.2d 695, 696–97 (Tex. App.—Houston [14th Dist.] 1997, no pet.)).

In making his ineffective assistance of counsel claim, appellant only focuses on *Welch*'s assertion that, in order to preserve error, there must be a specific objection to the absence of a psychological evaluation from the presentence investigation report. *Id.* Appellant argues he received ineffective assistance of counsel claim because his trial counsel failed to object to the absence of a psychological evaluation. Appellant's counsel could not have objected to the lack

11

of a psychological evaluation in the presentence investigation report when there was no presentence investigation report due to appellant's previous waiver. *See Ex parte White*, 160 S.W.3d at 53 (holding trial counsel is not ineffective for failure to make futile objections).

We hold that appellant has not met his burden to demonstrate ineffective assistance of counsel by a preponderance of the evidence because he has not shown that his trial counsel's performance fell below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 687–88, 104 S. Ct. at 2064; *Andrews*, 159 S.W.3d at 101–02. Accordingly, we overrule appellant's second issue.

## Conclusion

We affirm the judgment of the trial court.


Laura Carter Higley
Justice

Panel consists of Justices Higley, Sharp, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).